**In re Anthony B. KEITH and Denise Widman Keith, Debtors.**

No. 03–35365.

United States Bankruptcy Court, W.D. Kentucky.

Jan. 25, 2006.

Henry M. Burt, Louisville, KY, for Debtors.

### MEMORANDUM–OPINION

JOAN L. COOPER, Bankruptcy Judge.

This matter came before the Court on the Objection to Exemption filed by Trustee, Gordon A. Rowe ("Trustee"). The Court considered the testimony of Denise Widman Keith and the arguments of counsel for Debtors Anthony B. Keith and Denise Widman Keith ("Debtors") and the Trustee. For the following reasons, the Court SUSTAINS the Objection to the Exemption filed by Trustee Gordon A. Rowe.

### FACTS

On August 6, 2003, Debtors filed their Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

On November 5, 2003, an Order of Discharge on behalf of the Debtors was entered.

On June 7, 2005, the Trustee filed a Motion to Reopen the Case on the grounds that he had recently learned that Debtor Denise Keith had an insurance fraud claim worth approximately $5,000 which was not reported during the course of her bankruptcy case.

On June 21, 2005, the Trustee filed a Notice of Assets and Request for Notice to Creditors Regarding Proof of Claims.

On September 13, 2005, Debtors filed an Amended Schedule B to list the $5,000 fraud claim and assert an exemption in the claim under KRS 427.010(1).

On October 5, 2005, the Trustee filed an Application to Employ Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., ("Beasley Allen") as attorneys for the Estate in regard to the insurance fraud claim and a Motion to Approve Settlement of the Fraud Claim in the Amount of $5,000. On October 6, 2005, the Trustee also filed an Objection to Amended Schedule B and on October 10, 2005, the Trustee filed an Objection to Exemption claimed by the Debtor in the proceeds of the insurance fraud lawsuit.

At the evidentiary hearing held January 10, 2006, Debtor Denise Keith testified that in 2001 she received a notice on a class action lawsuit regarding Western–Southern Life Insurance Company ("Western–Southern"). She recalls sending something in to a law firm in Alabama (Beasley Allen) regarding the class action lawsuit against Western–Southern. Trustee's Exhibit 1 is an Exclusion Request signed by Ms. Keith indicating her desire to be excluded from the class action lawsuit. Trustee's Exhibit 2 is a letter dated February 5, 2003 in which Beasley Allen notified Ms. Keith that they were investigating and evaluating her potential claim against Western–Southern. In May or June of 2003 she consulted with attorney Henry Burt regarding filing bankruptcy.

Ms. Keith testified that many years ago she had been involved in a class action lawsuit against Storer Cable in which she ultimately received coupons related to future cable services. When she received the February 5, 2003 letter from the attorneys in the lawsuit against Western–Southern, she assumed that she might recover something similar to the coupons she had received in the action against Storer Cable, i.e. something of little value.

On March 19, 2004, Ms. Keith received another letter from Beasley Allen referring to negotiations on her behalf on her claim against Western–Southern.

On July 23, 2004, Ms. Keith received another letter from Beasley Allen regarding interrogatories and a request to make herself available for her deposition in Charleston, West Virginia on the claim against Western–Southern.

Despite the evidence of the written communication from Beasley Allen to Ms. Keith about the Western–Southern claim, she failed to notify the Trustee of the lawsuit during the course of her case and at her Section 341 meeting when specifically questioned about the existence of any such lawsuits. Ms. Keith claims that she completely forgot about the lawsuit at the time of filing her Petition and did not ever believe that she would be entitled to a monetary recovery on the claim.

The Debtor answered Interrogatories that were sent to the lawyers in the Western–Southern case in which Ms. Keith indicated she had filed this bankruptcy. The Alabama law firm contacted the Trustee and informed him of the existence of the class action lawsuit and Ms. Keith's claim. This was the first notice the Trustee had of this claim.

The Trustee seeks to settle the claim for $5,000. Beasley Allen is entitled to 40% of any recovery. Debtors' attorney, Henry Burt, also claims to have an attorney's lien on the Debtors' recovery. If the case is settled for $5,000 the value of the funds that will go to Ms. Keith is $1,650.

### LEGAL ANALYSIS

Section 521 of Title 11 of the United States Bankruptcy Code sets forth all duties of the Debtor. Included in those duties is a requirement that the Debtor file a schedule of all assets and liabilities.

The Debtor is further required to cooperate with the Trustee as necessary to enable the Trustee to perform the trustee's duties. 11 U.S.C. § 521(a)(3). The Debtor clearly failed to comply with these duties.

Debtor testified that at the time she signed her Petition she had no expectation of recovery. Debtor, however, failed to notify the Trustee of the claim even after she received correspondence from the law firm handling the suit.

The Court puts little stock in Debtor's claim that she had no expectation of recovery despite the fact that she had been involved in a class action lawsuit years earlier. Debtor was specifically questioned about the existence of any lawsuits at her Section 341 meeting. While Debtor may have honestly forgotten about the lawsuit at the time of the filing of her Petition and even at the time of her 341 meeting, Debtor still failed to notify the Trustee of the existence of the claim even after she began receiving correspondence from the Alabama law firm concerning the claim.

Debtors' counsel seems to suggest that the failure to identify this asset is harmless because the value of the recovery to the Debtor would be only $1,650. The size of the recovery does not diminish the Debtor's duties under 11 U.S.C. § 521. The Debtor's attorney claims a lien on this recovery, but this claim must also fail. If counsel is entitled to a lien, he had sufficient knowledge of the claim and had a duty to bring it to the Trustee's attention long before the Trustee "discovered it."

Finally, the Debtor claimed an exemption under KRS § 427.010 in the recovery once the Trustee discovered its existence. This exemption does not apply to the claim in issue. Additionally, the exemption was only raised after the case was reopened by the Trustee upon his discovery of the as-

set. The Court finds this exemption is claimed in bad faith considering the Debtor failed to disclose the asset at a time when she clearly knew it existed. Accordingly, the Trustee's Objection to the Debtors' Exemption is **SUSTAINED**.

## *CONCLUSION*

For all of the above reasons, the Objection of the Chapter 7 Trustee Gordon A. Rowe, Jr. to the Debtors' Exemption is **SUSTAINED**. An Order incorporating the findings herein accompanies this Memorandum–Opinion.

The Trustee's Motion to Approve Settlement and Application to Employ Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. as attorneys for the Trustee will be granted by separate Orders.

## *ORDER*

Pursuant to the Memorandum–Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection to Exemption of Trustee, Gordon A. Rowe, be and here is, **SUSTAINED**.